IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ARCENTO SHELTON and<br>CARLOS BALLENTINE,<br><br>Plaintiffs,<br><br>v.<br><br>HYUNDAI SUBARU OF NASHVILLE, INC.,<br>MARTIN CADILLAC, INC. d/b/a Martin<br>Automotive Group and RON REINHART,<br><br>Defendants. | Case No.<br>Judge<br>Magistrate Judge<br>JURY DEMAND |

## COMPLAINT

For their Complaint against defendants Hyundai Subaru of Nashville, Inc., Martin Cadillac, Inc. d/b/a Martin Automotive Group and Ron Reinhart ("defendants"), plaintiffs Arcento Shelton and Carlos Ballentine ("plaintiffs") state:

### PARTIES

1. Plaintiffs are each former employees of defendants.

2. Defendant Hyundai Subaru of Nashville, Inc. is a Tennessee corporation with its principal place of business at 1512 Broadway, Nashville, Davidson County, Tennessee. Defendant Hyundai Subaru of Nashville, Inc. can be served with process through its registered agent, CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

3. Defendant Martin Cadillac, Inc. is a Delaware corporation with its principal place of business at 2201 Scottsdale Road, Bowling Green, Kentucky 42104. Defendant Martin Cadillac, Inc. does business as Martin Automotive Group and can be served with process through its registered agent, Elizabeth W. Burt, 1010 College Street, Bowling Green, Kentucky 42104.

4. Defendant Ron Reinhart is upon information and belief a resident of Davidson County Tennessee and a former management employee of defendants Hyundai Subaru of Nashville, Inc. and Martin Cadillac, Inc. Defendant Ron Reinhart may be served with process at his business address, Gary Mathews Nissan, 1100 Ashland City Road, Clarksville, Tennessee 37040..

5. Defendants operate for-profit, franchised automobile dealerships within the Middle District of Tennessee. At all relevant times, defendants employed more than 15 individuals, including plaintiffs.

## JURISDICTION AND VENUE

6. This is an action for damages and equitable relief for unlawful employment practices brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, ("Title VII"); 42 U.S.C. § 1981 ("Section 1981"); and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq.* ("THRA"). The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

7. Plaintiffs filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and have received the attached Notices of Right to Sue ("Notice") from the EEOC.

## FACTS

8. Plaintiffs were employed by defendants.

9. During plaintiffs' employment, defendants discriminated against plaintiffs because of their race with respect to the terms, conditions and privileges of employment, including paying plaintiffs less than similarly situated non-African-American employees, not paying plaintiffs money they had earned and providing plaintiffs less valuable benefits than

similarly situated non-African-American employees. Defendants' actions were in violation of Title VII, Section 1981 and the THRA.

10. During plaintiffs' employment, defendants created, allowed and failed to remedy a racially hostile work environment that altered plaintiffs' working conditions. Defendants' actions were in violation of Title VII, Section 1981 and the THRA.

11. Defendants retaliated against plaintiffs because of their opposition to defendants' racially offensive, inappropriate and unlawful actions, including repeated racially derogatory comments and racially offensive jokes, constantly referring to plaintiffs and other African-American employees as "you people" and "monkeys," and threats and other mistreatment. Defendants' actions were in violation of Title VII, Section 1981 and the THRA.

12. Defendants discriminated against plaintiffs on the basis of their race because of their opposition to defendants' racially offensive, inappropriate and unlawful actions, including repeated racially derogatory comments, threats and other mistreatment. Defendants' actions were in violation of Title VII, Section 1981 and the THRA.

13. After announcing that they were "going to get rid of" the African-American employees, defendants discharged or constructively discharged plaintiffs because of their race and/or their complaining about, opposing and/or refusing to participate in unlawful conduct.

14. Defendant Ron Reinhart retaliated and discriminated against plaintiffs because plaintiffs opposed defendants' discriminatory practices, in violation of Section 1981 and the THRA.

15. Defendant Ron Reinhart aided, abetted, incited, compelled and/or commanded persons, including those employed by him and the defendant companies he controlled, to engage in discriminatory practices, in violation of the THRA.

16. As a direct result of defendants' actions, plaintiffs have suffered damages.

17. As a result of their actions, defendants are liable to plaintiffs in an amount to be determined by the jury for the damages plaintiffs have incurred.

18. As a result of their actions, defendants are liable for punitive damages and for plaintiffs' attorneys' fees.

19. As a result of their actions, defendants are obligated to make plaintiffs whole for all lost earnings and benefits.

**Claim for Race Discrimination, Racially Hostile Work Environment, and Retaliation in Violation of Federal and Tennessee Law**
**(Against Defendants Hyundai Subaru of Nashville, Inc. and Martin Cadillac, Inc.)**

20. Plaintiffs hereby incorporate and reallege the factual averments as set forth in paragraphs 1 through 19 herein.

21. Defendants discriminated against plaintiffs in the terms, conditions and privileges of their employment and discharged plaintiffs from their employment because of their race and/or in retaliation for their opposition to and/or refusal to participate in defendant's racially offensive, inappropriate and unlawful actions, including repeated racially derogatory comments, threats and other mistreatment, in violation of Title VII, Section 1981 and the THRA.

22. Defendants created, allowed and failed to remedy a racially hostile work environment that altered plaintiffs' working conditions in violation of Title VII, Section 1981 and the THRA.

23. Defendants retaliated against plaintiffs because of their opposition to defendants' racially offensive, inappropriate and unlawful actions, including repeated racially derogatory comments, threats and other mistreatment, in violation of Title VII, Section 1981 and the THRA.

24. As a result of their actions, defendants are liable to plaintiffs in an amount to be determined by the jury for the damages plaintiffs have incurred as well as for punitive damages.

25. As a result of their actions, defendants are liable for plaintiffs' attorneys' fees.

26. As a result of their actions, defendants are obligated to make plaintiffs whole for all lost earnings and benefits.

### Claim for Violation of Section 1981 and Tenn. Code Ann. § 4-21-301
### (Against Defendant Ron Reinhart)

27. Plaintiffs hereby incorporate and reallege the factual averments as set forth in paragraphs 1 through 26 herein.

28. Defendant Ron Reinhart retaliated and discriminated against plaintiffs because plaintiffs opposed and/or refused to participate in defendants' discriminatory practices, in violation of Section 1981 and the THRA.

29. Defendant Ron Reinhart further aided, abetted, incited, compelled and/or commanded persons, including those employed by him and the defendant companies he controlled, to engage in discriminatory practices, in violation of the THRA.

30. As a direct result of defendant Ron Reinhart's actions, plaintiffs have suffered damages.

31. As a result of his actions, defendant Ron Reinhart is liable to plaintiffs in an amount to be determined by the jury for the damages plaintiffs have incurred.

32. As a result of his actions, defendant Ron Reinhart is liable for punitive damages and for plaintiffs' attorneys' fees.

33. As a result of his actions, defendant Ron Reinhart is obligated to make plaintiffs whole for all lost earnings and benefits.

WHEREFORE, premises considered, plaintiffs demand the following relief:

1. A jury trial and entry of judgment in their favor;

2. Back pay and damages for lost benefits;

3. Compensatory damages for embarrassment and humiliation, emotional pain and suffering and mental anguish, stress and anxiety, inconvenience, and loss of enjoyment of life;

4. Reinstatement or, alternatively, front pay and damages for lost benefits;

5. Punitive damages;

6. Attorneys' fees and expenses;

7. Prejudgment interest and, if applicable, post judgment interest; and

8. Such other and further legal or equitable relief to which they may be entitled.

Respectfully submitted,

_____
Stephen W. Grace, (BPR No. 14867)
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225

_____
Douglas B. Janney III (BPR No. 19112)
2002 Richard Jones Road
Suite B-200
Nashville, Tennessee 37215
(615) 742-5900

Attorneys for Plaintiff

EEOC Form 161-B (11/09)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Arcento Shelton | From: | Nashville Area Office<br>220 Athens Way<br>Suite 350<br>Nashville, TN 37228 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No.: 494-2014-00574
EEOC Representative: Lu Ann Hawk, Investigator
Telephone No.: (615) 736-5859

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Sylvia D. Hawk* (signature)

Sarah L. Smith,
Area Office Director

APR 10 2014
(Date Mailed)

Enclosures(s)

cc: Tracy L. Moon, Jr.
Attorney at Law
FISHER & PHILLIPS
1075 Peachtree Street NE
Suite 3500
Atlanta, GA 30309

Stephen W. Grace
GRACE RUDY
1019 16th Avenue South
Nashville, TN 37212

EEOC Form 161-B (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Carlos Ballentine | From: | Nashville Area Office<br>220 Athens Way<br>Suite 350<br>Nashville, TN 37228 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 494-2014-00481 | Lu Ann Hawk, Investigator | (615) 736-5859 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**
Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for** any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Sarah L. Smith,
Area Office Director

APR 1 0 2014
(Date Mailed)

Enclosures(s)

cc: Tracy L. Moon, Jr.
Attorney at Law
FISHER & PHILLIPS
1075 Peachtree Street, NE
Suite 3500
Atlanta, GA 30309

Stephen W. Grace
GRACE RUDY
1019 16th Avneue South
Nashville, TN 37212