IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ARCENTO SHELTON and<br>CARLOS BALLENTINE,<br><br>    Plaintiffs,<br><br>v.<br><br>HYUNDAI SUBARU OF NASHVILLE, INC.,<br>MARTIN CADILLAC, INC. d/b/a Martin<br>Automotive Group and RON REINHART,<br><br>    Defendants. | Case No. 3:14-cv-1039<br><br>Judge Nixon<br>Magistrate Judge Knowles<br><br>Jury Demand |

## INITIAL CASE MANAGEMENT ORDER

In accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16(d)(1)b.2, Plaintiffs Arcento Shelton and Carlos Ballentine ("Plaintiffs") and Defendant Hyundai Subaru of Nashville, Inc. ("Defendant" or "Hyundai Subaru") submit this Proposed Initial Case Management Order.

1. <u>Status of Service of Process</u>: Service of process has been completed as to Huyndai Subaru of Nashville, Inc. Service of process is not complete as to Defendants Martin Cadillac, Inc. and Ron Reinhart.

2. <u>Status of Responsive Pleadings</u>: Defendant Hyundai Subaru has responded to the Complaint.

3. <u>Jurisdiction</u>: The parties agree that the Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367(a).

4. (a) <u>Plaintiffs' Theory of the Case</u>: Defendants harassed and discriminated against Plaintiffs based upon race in the terms, conditions and benefits of their former employment with Defendants in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title

VII"), 42 U.S.C. § 1981 ("Section 1981") and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, et seq. ("THRA"). Defendants also allowed and failed to remedy a racially hostile work environment that altered Plaintiffs' working conditions and retaliated against Plaintiffs for reporting and opposing the harassment and discrimination to which they and other African-American employees were subjected, in violation of Title VII, Section 1981 and the THRA. Defendants further treated Plaintiffs differently and less favorably in the terms, conditions, privileges, and benefits of employment than similarly situated non-protected individuals. Defendants discharged Plaintiffs because of their race and/or their complaining about, opposing and/or refusing to participate in unlawful conduct. Defendant Ron Reinhart aided, abetted, incited, compelled and/or commanded persons, including those employed by Defendants to engage in discriminatory practices. Defendant Ron Reinhart retaliated and discriminated against Plaintiffs because Plaintiffs opposed Defendants' discriminatory practices. Plaintiffs have suffered damages as a result of Defendants' conduct.

    (b) <u>Defendant's Theory of the Case</u>: Defendant, Hyundai Subaru, hired Plaintiff Arcento Shelton ("Shelton") on February 6, 2013. Shelton initially worked in internet sales, and was subsequently moved to a floor sales position. It appears Shelton was unhappy with his pay, and he voluntarily resigned his employment to seek other employment on or about January 10, 2014.

 Hyundai Subaru hired Plaintiff Carlos Ballentine ("Ballentine") on September 18, 2013. Ballentine's employment was terminated on December 10, 2013 following a verbal altercation with a member of the Internet Sales Department and insubordination directed at his supervisor, Ron Reinhart. At no time during his employment did Ballentine complain that he was being treated unfairly due to his race.

Plaintiffs' allegations that they were discriminated against based on race and retaliated against based on opposition to racially offensive and unlawful actions are legally baseless. Hyundai Subaru denies that any employee under its supervision violated Title VII or the THRA. Further, Hyundai Subaru did not condone, ratify, or tolerate any such conduct, but instead prohibited such, and took prompt, effective action to address any allegations of unlawful conduct. All treatment Hyundai Subaru accorded Plaintiffs with respect to their employment was based on legitimate, non-discriminatory, non-retaliatory business reasons.

5. <u>Identification of Issues</u>: With respect to the Plaintiffs and Defendant Hyundai Subaru, the following issues have been resolved: jurisdiction and venue. All other issues relating to liability and damages are in dispute.

6. <u>Need for Additional Claims</u>: At this time, the parties do not anticipate a need for any counterclaims, cross-claims, third-party claims, amended pleadings, joinder of parties or claims, or class certification, or the need for resolution of any issues arising from Rules 13-15, 17-21, or 23 of the Federal Rules of Civil Procedure. Plaintiffs may seek to amend their Complaint in accordance with the Federal Rules of Civil Procedure, if appropriate, following some discovery. The deadline for filing motions to amend the pleadings is September 30, 2014.

7. <u>Rule 26(a)(1) Disclosures</u>**:** The parties shall make their Rule 26(a)(1) disclosures within thirty (30) days from the date of the initial case management conference, which is July 16, 2014.

8. <u>Other Pretrial Discovery Matters</u>: All discovery shall be completed on or before January 15, 2015. All written discovery shall be submitted on or before December 15, 2014. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith

and are unable to resolve their differences. The ddl for filing discovery-related Motions is 1/25/15.

9. <u>Expert Witnesses</u>:

(a) Plaintiffs shall identify their expert witnesses and provide Defendants (<u>not</u> file with the Court) all of the information specified in Rule 26(a)(2)(B) by October 17, 2014.

(b) Defendants shall identify their expert witnesses and provide Plaintiffs (<u>not</u> file with the Court) all of the information specified in Rule 26(a)(2)(B) by November 19, 2014.

(c) All supplements to expert reports shall be served by December 17, 2015.

(d) The deadline for completion of expert discovery is January 15, 2015.

(e) All motions related to expert discovery shall be filed by January 15, 2015.

10. <u>Dispositive Motion Deadlines</u>:

Dispositive motions shall be filed on or before March 16, 2015. Responses to dispositive motions shall be filed within thirty (30) days after service. Optional replies shall be filed within fourteen (14) days after service of the response. Briefs shall not exceed 25 pages without leave of Court.

11. <u>Pretrial Conference and Deadlines</u>: A pretrial conference is set for August 7, 2015, at 10:00 a.m. The parties' pretrial obligations will be set forth by separately entered order.

12. <u>Trial Date and Length</u>: This case is set for a jury trial on August 18, 2015, before Judge Nixon. The trial is expected to last three to four days.

13. <u>Electronic Discovery</u>: The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

It is so ORDERED.

Entered _____, 2014.

_____
Honorable E. Clifton Knowles
United States Magistrate Judge

APPROVED FOR ENTRY:

/s/Stephen W. Grace
Stephen W. Grace (TN BPR No. 14867)
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225

/s/Douglas B. Janney III
Douglas B. Janney III (TN BPR No. 19112)
2002 Richard Jones Road
Suite B-200
Nashville, Tennessee 37215
(615) 742-5900
Attorneys for Plaintiffs


/s/ Fred J. Bissinger
Fred J. Bissinger (TN BPR No. 19671)
Anne T. McKnight (TN BPR No. 26476)
Wimberly Lawson Wright Daves & Jones, PLLC
214 2nd Avenue North, Suite 3
Nashville, TN 37201
(615) 727-1000

Howard B. Jackson (TN BPR No. 21316)
Wimberly Lawson Wright Daves & Jones, PLLC
550 Main Avenue, Suite 900
Knoxville, TN 37901-2231
Attorneys for Defendants